UNITED STATES DISTRICT COURT
SOUTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

LEXINGTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA as subrogees of Jones Lang
LaSalle Management Services, Inc.,

                  Plaintiffs,

-against-

LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., DiGIACOMO & SON,
INC. and MANHATTAN MECHNICAL SERVICE,
INC.,

                  Defendants.
-------------------------------------------------------------- x



JUDGE DANIELS

07 CIV 9737

Case No.: ____ Civ. ____ ( )

**COMPLAINT**

**Jury Trial Demanded**

RECEIVED
NOV 02 2007
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiffs, Lexington Insurance Company and Travelers Property Casualty Company of America, by their attorneys Robinson & Cole LLP, as and for their complaint against the defendants allege as follows:

### Background

    1.    This is a subrogation action by plaintiffs, the first party property insurers of Jones Lang LaSalle Management Services, Inc. ("JLL").

    2.    Plaintiffs have paid to JLL a total of $1,365,916.03 in connection with a water loss sustained by it on October 26, 2005 arising out the failure of a three inch diameter cooling water pipe coupling located in the space above JLL's premises (the "Loss").

    3.    This action is brought against various entities which are believed to be responsible for the improper manufacture, design and/or installation of the coupling that failed.

4. In addition to the $1,365,916.03 paid by plaintiffs, JLL Incurred a deductible of $10,000 and therefore the total amount sought in this action is the sum of the two, or $1,375,916.03.

**Jurisdiction and Venue**

5. This Court has jurisdiction over this matter pursuant to 28 USC §1332 as the action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 USC §1391(a).

**The Parties**

7. At all relevant times herein, Lexington Insurance Company ("Lexington") was and still is a corporation organized under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts.

8. Lexington was the first party property insurer of JLL under policy no. 8753906 which covered the period April 1, 2005 to April 1, 2006 (the "Lexington Policy").

9. At all relevant times herein, Travelers Property Casualty Company of America ("Travelers") was and still is a corporation organized under the laws of the State of Connecticut with its principal place of business in Connecticut.

10. Travelers was also the first party property insurer of JLL under policy no. KTJCMB-198G421A which covered the period April 1, 2005 through April 1, 2006 (the "Travelers Policy").

11. Under the Policies, Lexington's share of any liability to JLL was 80%, and Traveler's share was 20%.

12.  Pursuant to the Policies and relevant law, plaintiffs, having paid amounts pursuant to the Policies in connection with the Loss, are subrogated to all of JLL's rights and are entitled to pursue claims against parties which may have caused or been responsible for the Loss.

13.  Upon information and belief, at all relevant times herein defendant Lochinvar Corporation ("Lochinvar") was and still is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business in Lebanon, Texas.

14.  Upon information and belief, at all relevant times herein defendant Ambassador Construction Co., Inc. ("Ambassador") was and still is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in New York City.

15.  Upon information and belief, at all relevant times herein defendant DiGiacomo & Son, Inc. ("DiGiacomo") was and still is a corporation duly organized under the laws of the State of New York with its principal place of business in Eastchester, New York.

16.  Upon information and belief, at all relevant times herein defendant Manhattan Mechanical Service, Inc. ("Manhattan Mechanical") was and still is a corporation duly organized under the laws of the State of New York with its principal place of business in New York City.

### The Loss

17.  The Loss involves the failure of a three inch diameter coupling which was located in the floor immediately above JLL's premises, occupied by Pequot Capital Management, Inc. ("Pequot").

18.  Pequot was located on the 35th floor of the CitiCorp building, 153 East 53rd Street, New York, New York.

19.  The coupling was located in the return line of the cooling loop installed by Pequot in approximately in 1999 in connection with Pequot's buildout of the 35th floor. The cooling

loop is a common arrangement which is designed to remove heat generated by tenant air conditioning, and the water which flows through the cooling loop is ultimately discharged into the building risers which pump the water to the roof where it is cooled and then returned to supply the cooling loop.

20. The coupling which failed ("Coupling") was a "dielectric" coupling, meaning that it connected ferrous (i.e. iron) pipe with a non-ferrous (i.e. not containing iron) pipe. The dielectric coupling is an insulator and does not conduct electricity since, if a direct connection were made between a non-ferrous and ferrous pipe, electrolysis would ensue which, over time, would cause the eventual deterioration and failure of the ferrous pipe.

21. The Loss occurred on October 26, 2005 when the dielectric Coupling on the return line of the cooling loop on the 35th floor failed because its threads stripped out on one end. It completely separated from its associated piping and caused an enormous discharge of water which flooded JLL's premises (among others), resulting in substantial water damage.

22. Upon information and belief, either defendant Ambassador or DiGiacomo were the general contractors at the time of Pequot's buildout.

23. Upon information and belief, Manhattan Mechanical was the entity which installed the cooling loop, including the Coupling.

24. Upon information and belief, the Coupling was manufactured and distributed by defendant Lochinvar.

### First Claim for Relief against defendant Lochinvar
### (Product Defect)

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 as though fully set forth at length herein.

4

26. Upon information and belief, the Coupling was installed in accordance with Lochinvar's specifications and instructions and with due regard to any and all warnings published by Lochinvar regarding the installation of the Coupling.

27. Notwithstanding the foregoing, the Coupling eventually failed in that it separated completely from the pipes to which it had been attached, causing a major flood and resulting water damage.

28. The Coupling failed either as a result of a manufacturing defect and/or product design defect.

29. Plaintiffs have been damaged in the amount of $1,365,916.03, the amount they paid to JLL, and additionally plaintiffs are entitled to recover JLL's $10,000 deductible, which total $1,375,916.03 in damages.

### Second Claim for Relief against defendant Lochinvar
### (Failure to Warn)

30. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 29 as though fully set forth at length herein.

31. Lochinvar placed the Coupling in the stream of commerce to be sold for the purpose of connecting ferrous and non-ferrous piping.

32. Upon information and belief, the Coupling was not suitable to be used in connection with an air conditioning cooling loop insofar as the stresses associated with such installation and the chemicals in the cooling water could cause the failure of the coupling.

33. Upon information and belief, Lochinvar knew, had a duty to warn, that the Coupling should not have been used in a cooling loop and failed to do so.

34. Lochinvar's failure to warn was a proximate cause of the failure of the Coupling.

35.   Plaintiffs have been damaged in the amount of $1,365,916.03, the amount they paid to JLL, and additionally plaintiffs are entitled to recover JLL's $10,000 deductible, which total $1,375,916.03 in damages.

### Third Claim for Relief against defendants DiGiacomo, Ambassador and Manhattan Mechanical
### (Negligence)

36.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35 as though fully set forth at length herein.

37.   Defendants DiGiacomo, Ambassador and Manhattan Mechanical had a duty to insure that the installation of the Coupling was done in a workmanlike manner such that the Coupling would not fail during normal operation of the air conditioning system.

38.   Defendants DiGiacomo, Ambassador and Manhattan Mechanical breached their duty of reasonable care by, among other things:

- Installing the Coupling in improper manner, either by overtightening it during installation, utilizing excessive waterproofing tape or cord, or in another, as yet unidentified, manner.

- Connecting the Coupling to piping of the wrong size for said installation or, alternatively, not using the proper size coupling.

- Failing to utilize appropriate support for the Coupling and its associated piping including failing to install the correct number and proper strength of pipe hangers.

- Utilizing the Coupling in an application for which it was not intended.

39.   Said breaches were the proximate cause of the failure of the Coupling and the damage to JLL's premises.

40. Plaintiffs have been damaged in the amount of $1,365,916.03, the amount they paid to JLL, and additionally plaintiffs are entitled to recover JLL's $10,000 deductible, which total $1,375,916.03 in damages.

**WHEREFORE**, plaintiffs demand judgment against defendants as follows:

I. On the first claim for relief against Lochinvar, the amount of $1,375,916.03, plus interest from October 26, 2005;

II. On the second claim for relief against Lochinvar, the amount of $1,375,916.03, plus interest from October 26, 2005;

III. On the third claim for relief, against defendants DiGiacomo, Ambassador and Manhattan Mechanical, jointly and severally, the amount of $1,375,916.03, plus interest from October 26, 2005;

IV. The cost and disbursements of this action; and

V. Such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
October 25, 2007

ROBINSON & COLE LLP

BY: _____
MICHAEL B. GOLDEN (MG-0633)
Attorneys for Plaintiffs
885 Third Avenue, Suite 2800
New York, New York 10022
212-451-2900