UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LEXINGTON INSURANCE COMPANY and          Case No. 07 CV 9737
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA as subrogees of        ANSWER
Jones Lang LaSalle Management Services, Inc.,   (G.B.D.)

                         Plaintiffs.

      -against-

LOCHINVAR CORPORATION,
AMBASSADOR CONSTRUCTION CO., INC.,
DiGIACOMO & SON, INC. and
MANHATTAN MECHANICAL SERVICE,
INC.,

                         Defendants.

-------------------------------------------------------------x

      Defendant, MANHATTAN MECHANICAL SERVICE, INC. ("MMS"), as and

for its Answer to the Complaint, by its attorneys, ABRAMS, GORELICK, FRIEDMAN

& JACOBSON, P.C., sets forth the following, upon information and belief:

                         BACKGROUND

      1.      Denies knowledge or information sufficient to form a belief as to the truth

of each and every allegation contained in paragraph "1" of the Complaint, and begs leave

to refer to the Complaint which speaks for itself.

      2.      Denies knowledge or information sufficient to form a belief as to the truth

of each and every allegation contained in paragraph "2" of the Complaint.

      3.      Denies knowledge or information sufficient to form a belief as to the truth

of each and every allegation contained in paragraph "3" of the Complaint , except denies

that MMS improperly manufactured, designed and/or installed the coupling that is alleged to have failed.

     4.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the Complaint and begs leave to refer to the Complaint which speaks for itself.

JURISDICTION AND VENUE

     5.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of the Complaint and refers all questions of law to the Court for determination.

     6.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of the Complaint and refers all question of law to the Court for determination.

THE PARTIES

     7.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the Complaint.

     8.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the Complaint and begs leave to refer to the Lexington Policy which speaks for itself.

     9.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the Complaint.

     10.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the Complaint and begs leave to refer to the Travelers Policy which speaks for itself.

11.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of the Complaint and begs leave to refer to the Lexington and Travelers Policies which speak for themselves.

12.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of the Complaint and refers all questions of law to the Court for determination.

13.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of the Complaint.

16.     Admits the allegations contained in paragraph "16" of the Complaint.

<u>THE LOSS</u>

17.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17" of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of the Complaint.

23.     Denies each and every allegation contained in paragraph "23" of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF AGAINST DEFENDANT LOCHINVAR CORPORATION

25.     Repeats, reiterates and realleges each and every response to paragraphs "1" through "24", inclusive, of the Complaint in answer to paragraph "25" of the Complaint, with the same force and effect as if fully set forth herein.

26.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of the Complaint and respectfully refers all questions of law to the Court for determination.

## AS AND FOR AN ANSEWER TO THE SECOND CLAIM FOR RELIEF AGAINST DEFENDANT LOCHINVAR CORPORATION

30.    Repeats, reiterates and realleges each and every response to paragraphs "1" through "29", inclusive, of the Complaint in answer to paragraph "30" of the Complaint, with the same force and effect as if fully set forth herein.

31.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of the Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "32" of the Complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "33" of the Complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "34" of the Complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35" and refers all questions of law to the Court for determination.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

36.    Repeats, reiterates and realleges each and every response to paragraphs "1" through "35", inclusive, of the Complaint in answer to paragraph "36" of the Complaint, with the same force and effect as if fully set forth herein.

37.    Denies each and every allegation contained in paragraph "37" of the Complaint.

38.    Denies each and every allegation contained in paragraph "38 of the Complaint.

5

39.     Denies each and every allegation contained in paragraph "39" of the Complaint.

40.     Denies each and every allegation contained in paragraph "40" of the Complaint and refers all questions of law to the Court for determination.

## AS AND FOR AN FIRST AFFIRMATIVE DEFENSE

41.     The Complaint fails to set forth a cause of action against defendant, MMS.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42.     The Complaint against defendant, MMS, is barred by the applicable Statutes of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43.     Plaintiffs' claim against defendant, MMS, is barred by the doctrines of waiver, estoppel and laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44.     Plaintiffs' claim against defendant, MMS, is barred to the extent that plaintiffs' payment to JLL was not reasonable.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45.     Plaintiffs' claim against defendant, MMS, is barred because plaintiffs were volunteers in making payment to JLL.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46.     Plaintiffs' claim against defendant, MMS, is barred because there is no privity of contract between plaintiff and MMS.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47.    Plaintiffs' claim against defendant, MMS, is barred because MMS owed no duty to plaintiffs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48.    That if JLL sustained injuries and/or damages, at the time and/or place and/or in the manner alleged in its Complaint, said injuries and/or damages were, in whole or in part, the result of JLL's own culpable conduct, including, but not limited to, negligence, carelessness, recklessness and/or assumption of risk.

49.    By reason of the foregoing, defendant demands that the amount of any damages recovered or any judgment received by plaintiffs be reduced accordingly, pursuant to common law and CPLR § 1411, in the proportion to which the culpable conduct attributable JLL bears to the culpable conduct which caused the injuries and/or damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

50.    If JLL has received or will receive remuneration and/or compensation for some or all of its claimed economic loss, defendant, MMS, is entitled to have JLL's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to § 4545(c) of the Civil Practice Law and Rules.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

51.    The injuries and/or damages and the risks incident to the incident and/or situation mentioned in plaintiffs' Complaint were open, obvious and apparent, and were known and assumed by JLL and plaintiffs' claims are barred by virtue of JLL's assumption of the risks thereof.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

52.    Plaintiffs and JJL failed to mitigate, obviate, diminish and otherwise act to lessen or reduce the alleged injuries and damages alleged in the Complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

53.    That, to the extent that the alleged damages and/or injuries of plaintiffs and JLL, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors, the claims of plaintiffs against defendant, MMS, should be barred.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

54.    This Court lacks subject matter jurisdiction in that James Lang LaSalle Management Services, Inc., a plaintiff herein, has a principal place of business in the State of New York and complete diversity does not lie between the parties pursuant to 28 U.S.C. § 1332.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC. and DiGIACOMO & SON, INC

55.    That if JJL was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, other than the JLL's own negligence, carelessness, recklessness, or other culpable conduct, said damages were sustained by reason of the carelessness, recklessness, negligence and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute by the co-defendants, LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC. and DiGIACOMO & SON, INC., their agents, servants and/or employees, without any

8

negligence or other culpable conduct on the part of defendant, MMS, contributing thereto.

56.    That by reason of the foregoing, defendant, MMS, will not be liable to JJL or the co-defendants in the event and in the amount of recovery herein by JJL, and defendant, MMS, is entitled to indemnification from the co-defendants, LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC. and DiGIACOMO & SON, INC.

### AS AND FOR A SECOND CROSS-CLAIM
### AGAINST LOCHINVAR CORPORATION, AMBASSADOR
### CONSTRUCTION CO., INC. and DiGIACOMO & SON, INC

57.    That if JJL was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the  Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, or other culpable conduct, other than the JJL's own negligence, carelessness, recklessness, or other culpable conduct, and if plaintiffs should recover a verdict or judgment against defendant, MMS, defendant will be damaged thereby, and such injuries or damages and verdict or judgment will have been brought about, caused and sustained by reason of the active and/or primary and/or affirmative carelessness, recklessness, negligence, culpable conduct and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute and/or wrongdoing by the co-defendants, LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC. and DiGIACOMO & SON, INC., their agents, servants and/or employees, without any negligence on the part of defendant,

MMS, contributing thereto or with the negligence, if any, on the part of defendant, MMS, which is specifically denied, being merely passive, secondary and/or derivative in nature.

58.    By reason of the foregoing, defendant, MMS, is entitled to indemnification by said co-defendants, LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC. and DiGIACOMO & SON, INC.

59.    By reason of the foregoing, if plaintiffs recover any verdict or judgment against defendant, MMS, the co-defendants, LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC. and DiGIACOMO & SON, INC., will be liable to defendant, MMS, under the doctrines of apportionment, contribution and/or indemnification for the full amount of any verdict and judgment, or for a proportionate share thereof, that plaintiffs may recover against or from defendant, MMS, including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim, and defendant, MMS, will not be liable to the co-defendants, LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC. and DiGIACOMO & SON, INC., in the event and in the amount of any recovery herein by the plaintiffs.

WHEREFORE, defendant, MMS, demands judgment dismissing the Complaint against it, or, in the alternative, granting it judgment over against and indemnity from co-defendants,  LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC., and/or DiGIACOMO & SON, INC. for all sums which MMS is held liable to plaintiffs in this action or, in the alternative, for their proportionate share of the fault resulting in plaintiffs' damages.  Defendant, MMS, respectfully demands a jury trial for

all issues in this matter.

Dated: New York, New York
      December 10, 2007

                                    ABRAMS, GORELICK, FRIEDMAN &
                                    JACOBSON, P.C.
                                    Attorneys for Defendant
                                    Manhattan Mechanical Service, Inc.

                                    By:_____
                                        Michael E. Gorelick (MEG-6026)
                                    Christopher Christofides, Esq. (CC-5355)
                                    One Battery Park Plaza -- 4th Floor
                                    New York, New York  10004
                                    (212) 422-1200

TO:     MICHAEL B. GOLDEN, ESQ.
          ROBINSON & COLE, LLP.
          Attorneys for Plaintiff
          885 Third Avenue, 28th Floor
          New York, New York  10022
          (212) 451-2900

          RENDE, RYAN & DOWNES, LLP.
          Attorneys for Defendant
          Lochinvar Corporation
          202 Mamaroneck Avenue
          White Plains, New York  10601

          S. DiGIACOMO & SON, INC.
          101 Park Avenue
          New York, New York  10178

          AMBASSADOR CONSTRUCTION CO., INC.
          317 Madison Avenue – 12th Floor
          New York, New York  10017

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK  )

Gerardo Soler, being duly sworn, deposes and says:

I am not a party to the within action; I am over 18 years of age; I reside in Bronx, New York.

On December 10, 2007, I served the within Answer upon:

MICHAEL B. GOLDEN, ESQ.
ROBINSON & COLE, LLP.
Attorneys for Plaintiff
885 Third Avenue, 28th Floor
New York, New York  10022
(212) 451-2900

RENDE, RYAN & DOWNES, LLP.
Attorneys for Defendant
Lochinvar Corporation
202 Mamaroneck Avenue
White Plains, New York  10601

S. DiGIACOMO & SON, INC.
101 Park Avenue
New York, New York  10178

AMBASSADOR CONSTRUCTION CO., INC.
317 Madison Avenue – 12th Floor
New York, New York  10017

at the above address(es) by depositing a true copy of same, enclosed in a properly addressed postpaid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Gerardo Soler

Sworn to before me this
10th day of December, 2007

_____
Notary Public

Marisa Carpentiere
Notary Public, State of New York
No. 02CA5084578
Qualified in Queens County
Commission Expires September 8,