Matthew F. Rice, Esq. (MFR 9476)
BRODY, BENARD & BRANCH, LLP
Attorneys for Defendants
*AMBASSADOR CONSTRUCTION CO., INC.*
205 Lexington Avenue, 4th Floor
New York, New York 10016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X    Case No.: 07 CIV 9737
LEXINGTON INSURANCE COMPANY and TRAVELERS            (GBD) (THK)
PROPERTY CASUALTY COMPANY OF AMERICA as
subrogees of Jones Lang LaSalle Management Services, Inc.,    ANSWER TO
                                                               AMENDED
                                  Plaintiffs,                  COMPLAINT

         -against-

LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., F. DIGIACOMO & SONS,
INC., S. DIGIACOMO & SON, INC. and MANHATTAN
MECHANICAL SERVICE, INC.,

                                  Defendants.
------------------------------------------------------------X

      Defendant, AMBASSADOR CONSTRUCTION CO., INC., by their attorneys, **BRODY, BENARD & BRANCH, LLP**, as and for a Answer to the plaintiffs' Amended Complaint, sets forth as follows:

### Background

      FIRST:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the Amended Complaint, except admits this appears to be the case.

      SECOND:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of the Amended Complaint, as AMBASSADOR CONSTRUCTION CO., INC. was not privy to any such payments.

      THIRD:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of the Amended Complaint, and denies

280487.1

responsibility for improper manufacturer, design or installation of the coupling that allegedly failed.

    FOURTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the Amended Complaint.

## Jurisdiction and Venue

    FIFTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of the Amended Complaint, except admits the amount in controversy appears to exceed $75,000.

    SIXTH:    Denies each and every allegation contained in paragraph "6" of the Amended Complaint.

## The Parties

    SEVENTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the Amended Complaint.

    EIGHTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the Amended Complaint.

    NINTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the Amended Complaint.

    TENTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the Amended Complaint.

    ELEVENTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of the Amended Complaint.

    TWELFTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of the Amended Complaint.

    THIRTEENTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of the Amended Complaint.

280487.1

FOURTEENTH:   Admits the allegations contained in paragraph "14" of the Complaint.

FIFTHTEENTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of the Amended Complaint.

SIXTEENTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of the Amended Complaint.

### The Loss

SEVENTEENTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of the Amended Complaint and refers all questions of fact to the Honorable Court.

EIGHTEENTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of the Amended Complaint and refers all questions of fact to the Honorable Court.

NINETEENTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of the Amended Complaint and refers all questions of fact to the Honorable Court.

TWENTIETH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of the Amended Complaint.

TWENTY-FIRST:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of the Amended Complaint and refers all questions of fact to the Honorable Court.

TWENTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of the Amended Complaint

and denies AMBASSADOR CONSTRUCTION CO., INC. was the general contractor at the time of the build out.

TWENTY-THIRD:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of the Amended Complaint

TWENTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF AGAINST DEFENDANT LOCHNIVAR (PRODUCT DEFECT)

TWENTY-FIFTH:   Repeats, reiterates and realleges each and every response to paragraphs "1" through "24", inclusive, of the Amended Complaint in answer to paragraph "25" of the Amended Complaint, with the same force and effect as if fully set forth herein.

TWENTY-SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of the Amended Complaint.

TWENTY-SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of the Amended Complaint.

TWENTY-EIGHTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "28" of the Amended Complaint.

TWENTY-NINTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF AGAINST DEFENDANT LOCHVINAR (FAILURE TO WARN)

THIRTIETH:   Repeats, reiterates and realleges each and every response to paragraphs "1" through "29", inclusive, of the Amended Complaint in answer to paragraph "30" of the Amended Complaint, with the same force and effect as if fully set forth herein.

280487.1

THIRTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of the Amended Complaint.

THIRTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "32" of the Amended Complaint.

THIRTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "33" of the Amended Complaint.

THIRTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "34" of the Amended Complaint.

THIRTY-FIFTH: Denies each and every allegation contained in paragraph "35" of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION AGAINST DEFENDANTS F. DiGIACOMO & SONS, INC., S. DiGIACOMO & SONS, INC., AMBASSADOR CONSTRUCTION CO., INC., and MANHATTANMECHANICAL SERVICE, INC.

THIRTY-SIXTH: Repeats, reiterates and realleges each and every response to paragraphs "1" through "29", inclusive, of the Amended Complaint in answer to paragraph "36" of the Amended Complaint, with the same force and effect as if fully set forth herein.

THIRTY-SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "37" of the Amended Complaint, and denies any duty for AMBASSADOR CONSTRUCTION CO., INC.

280487.1

THIRTY-EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "38" of the Amended Complaint, and denies any duty for AMBASSADOR CONSTRUCTION CO., INC.

THIRTY-NINTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "39" of the Amended Complaint, denies any duty for AMBASSADOR CONSTRUCTION CO., INC.

FOURTIETH:  Denies each and every allegation contained in paragraph "40" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTY-FIRST:     The Amended Complaint fails to set forth a cause of action against defendant, AMBASSADOR CONSTRUCTION, CO., INC.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FORTY-SECOND:   The Amended Complaint against Defendant, AMBASSADOR CONSTRUCTION CO., INC., is barred by the applicable Statutes of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-THIRD:    Plaintiffs' claim against AMBASSADOR CONSTRUCTION CO., INC., is barred by the doctrines of waiver, estoppel and laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FORTY-FOURTH:   Plaintiffs' claims against defendant AMBASSADOR CONSTRUCTION CO., INC., is barred to the extent that plaintiffs' payment to JLL was not reasonable.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTY-FIFTH:    Plaintiffs' claim against defendant, AMBASSADOR CONSTRUCTION CO., INC., is barred because plaintiffs were volunteers in making payment to JLL.

280487.1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTY-SIXTH:    Plaintiffs' claim against defendant, AMBASSADOR CONSTRUCTION CO., INC., is barred because there is no privity of contract between plaintiff and AMBASSADOR CONSTRUCTION CO., INC.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  Plaintiffs' claim against defendant, AMBASSADOR CONSTRUCTION CO., INC., is barred because AMBASSADOR CONSRUCTION CO., INC. owed no duty to plaintiffs.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH:   That if JLL sustained injuries and/or damages, at the time and/or place and/or in the manner alleged in its Amended Complaint, said injuries and/or damages were, in whole or in part, the result of JLL's own culpable conduct, including, but not limited to, negligence, carelessness, recklessness and/or assumption of risk.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-NINTH:    By reason of the foregoing, defendant demands that the amount of any damages recovered or any judgment received by plaintiffs be reduced accordingly, pursuant to common law and CPLR § 1411, in the proportion to which the culpable conduct attributable JLL bears to the culpable conduct which caused the injuries and/or damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FIFTIETH:   If JLL has received remuneration and/or compensation for some or all of its claimed economic loss, defendant, AMBASSADOR CONSTRUCTION CO., INC., is entitled to have JLL's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to §4545(c) of the Civil Practice Law and Rules.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

FIFTY-FIRST: The injuries and/or damages and the risks incident to the incident and/or situation mentioned in plaintiffs' Amended Complaint were open, obvious and apparent, and were known and assumed by JLL and plaintiffs' claims are barred by virtue of JLL's assumption of the risk thereof.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FIFTY-SECOND: Plaintiffs and JLL failed to mitigate, obviate, diminish and otherwise act to lessen or reduce the alleged injuries and damages alleged in the Amended Complaint.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FIFTY-THIRD: That, to the extent that the alleged damages and/or injuries of plaintiffs and JLL, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors, the claims of plaintiffs against defendant, AMBASSADOR CONSTRUCTION, CO., INC., should be barred.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FIFTY-FOURTH: This Court lacks subject mater jurisdiction in that Jones Lang LaSalle Management Services, Inc., a plaintiff herein, has a principal place of business in the State of New York and complete diversity does not lie between the parties pursuant to 28 U.S.C. § 1332.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

FIFTY-FIFTH: The plaintiff has failed to name a necessary party defendant to this action pursuant to CPLR §1001.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST LOCHINVAR CORPORATION, F. DiGIACOMO & SON, INC., S. DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC.

280487.1

FIFTY-SIXTH: That if JLL was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the Amended Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, other than the JLL's own negligence, carelessness, recklessness, or other culpable conduct, said damages were sustained by reason of the carelessness, recklessness, negligence and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute by the co-defendants, LOCHINVAR CORPORATION, F. DiGIACOMO & SON, INC., S. DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC., their agents, servants and/or employees, without any negligence or other culpable conduct on the part of defendant, AMBASSADOR CONSTRUCTION, CO., INC., contributing thereto.

FIFTY-SEVENTH: That by reason of the foregoing, defendant, AMBASSADOR CONSTRUCTION, CO., INC., will not be liable to JLL or the co-defendant in the event and in the amount of recovery herein by JLL, and defendant, AMBASSADOR CONSTRUCTION, CO., INC., is entitled to indemnification form the co-defendants, LOCHINVAR CORPORATION, F. DiGIACOMO & SON, INC., S. DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST LOCHINVAR CORPORATION, F. DiGIACOMO & SON, INC., S. DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC.

FIFTY-EIGHTH: That if JLL was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the Amended Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, or other culpable conduct, other than the JLL's own negligence, carelessness, recklessness, or other culpable conduct, and if plaintiffs should recover a verdict or judgment against defendant, AMBASSADOR CONSTRUCTION CO., INC., defendant will be

280487.1

damaged thereby, and such injuries or damages and verdict or judgment will have been brought about, caused and sustained by reason of the active and/or primary and/or affirmative carelessness, recklessness, negligence, culpable conduct and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute and/or wrongdoing by the co-defendants, LOCHINVAR CORPORATION, F. DiGIACOMO & SON, INC., S. DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC., their agents, servants and/or employees, without any negligence on the part of defendant, AMBASSADOR CONSTRUCTION CO., INC., contributing thereto or with the negligence, if any, on the part of defendant, AMBASSADOR CONSTRUCTION CO., INC., which is specifically denied, being merely passive, secondary and/or derivative in nature.

FIFTY-NINTH: By reason of the foregoing, defendant, AMBASSADOR CONSTRUCTION CO., INC., is entitled to indemnification by said co-defendants, LOCHINVAR CORPORATION, F. DiGIACOMO & SON, INC., S. DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC.

SIXTY:    By reason of the foregoing, if plaintiffs recover any verdict or judgment against defendant, AMBASSADOR CONSTRUCTION CO., INC., the co-defendants, LOCHINVAR CORPORATION, F. DiGIACOMO & SON, INC., S. DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC., will be liable to defendant, AMBASSADOR CONSTRUCTION CO., INC., under the doctrines of apportionment, contribution and/or indemnification for the full amount of any verdict and judgment, or for a proportionate share thereof, that plaintiffs may recover against or from defendant, AMBASSADOR CONSTRUCTION CO., INC., including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim, and defendant, AMBASSADOR CONSTRUCTION CO., INC., will not be liable to the co-defendants, LOCHINVAR CORPORATION, AMBASSADOR

280487.1

CONSTRUCTION CO., INC., F. DiGIACOMO & SON, INC., S. DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC., in the event and in the amount of any recovery herein by the plaintiffs.

***WHEREFORE***, defendant, AMBASSADOR CONSTRUCTION CO., INC., demands judgment dismissing the Amended Complaint against it, or, in the alternative, granting it judgment over against and indemnity from co-defendants, LOCHINVAR CORPORATION, F. DiGIACOMO & SON, INC., S. DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC., for all sums which AMBASSADOR CONSTRUCTION CO., INC., is held liable to plaintiffs in this action or, in the alternative, for their proportionate share of the fault resulting in plaintiffs' damages.

Dated: New York, New York
January 22, 2008

                                      Yours, etc.

                                      /S
                              Matthew F. Rice, Esq.(MFR 9476)
                              Attorneys for Defendants
                              205 Lexington Avenue, 4th Floor
                              New York, New York 10016
                              (212) 679-7007
                              Our File No.: 736.40342

TO:    Michael B. Golden, Esq. (MG- 0633)
         ROBINSON & COLE, LLP
         Attorneys for Plaintiffs
         885 Third Avenue, Suite 2800
         New York, New York 10022
         (212) 451-2900

         Chris Christofides, Esq.
         ABRAMS GORELICK FRIEDMAN
         & JACOBSON, P.C.
         Attorneys for MANHATTAN MECHANICAL
         SERVICE, INC.
         One Battery Park Plaza, 4th Floor
         New York, New York 10004

280487.1

Roland T. Koke, Esq.
RENDE, RYAN & DOWNES, LLP.
Attorneys for Defendant
LOCHINVAR CORPORATION
202 Mamaroneck Avenue
White Plains, New York 10601

S. DiGIACOMO & SON, INC.
101 Park Avenue
New York, New York 10178

280487.1