UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA as subrogees of Jones Lang LaSalle
Management Services, Inc.

                                  Plaintiffs,

      -against-

LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., DiGIACOMO & SON,
INC., and MANHATTAN MECHANICAL SERVICE,
INC.,

                                  Defendants.
------------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT**

Docket No.: 07 CIV 9737

       Defendant, LOCHINVAR CORPORATION, by their attorneys, RENDE, RYAN & DOWNES, LLP, answering the Complaint of the plaintiff herein upon information and belief:

## **BACKGROUND**

       1. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "1," "2," and "4" thereof.

       2. Denies each and every allegation contained in the paragraph designated "3" thereof.

## **JURISDICTION AND VENUE**

       3. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "5" and "6" thereof.

## THE PARTIES

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "7," "8," "9," "10," "11," "12," "14," "15" and "16" thereof.

## THE LOSS

5. Denies each and every allegation contained in the paragraphs designated "17," "20," 21" and "24" thereof.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "18," "19," "22" and "23" thereof.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT LOCHINVAR
### (PRODUCT DEFECT)

7. Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "24" insofar as said allegations are repeated, reiterated and realleged in paragraph "25" thereof.

8. Denies each and every allegation contained in the paragraphs designated "26," "27," "28" and "29" thereof.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT LOCHINVAR
### (FAILURE TO WARN)

9. Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "29" insofar as said allegations are repeated, reiterated and realleged in paragraph "30" thereof.

10. Denies each and every allegation contained in the paragraphs designated "31," "32," "33," "34" and "35" thereof.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS DiGIACOMO, AMBASSADOR and MANHATTAN MECHANICAL
## (NEGLIGENCE)

11. Defendant repeats, reiterates and realleges each and every denial to the allegations contained in the paragraphs designated "1" through "35" insofar as said allegations are repeated, reiterated and realleged in paragraph "36" thereof.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated "37," "38" and "39" thereof.

13. Denies each and every allegation contained in the paragraph designated "40" thereof.

## AS AND FOR FIRST AFFIRMATIVE DEFENSE

14. The Complaint fails to set forth a cause of action against defendant, LOCHINVAR CORPORATION.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. The Complaint against defendant, LOCHINVAR CORPORATION, is barred by applicable Statutes of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred by the doctrines of waiver, estoppel and laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred to the extent that plaintiffs' payment to JLL was not reasonable.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred because plaintiffs were volunteers in making payment to JLL.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred because there is no privity of contract between plaintiffs and LOCHINVAR CORPORATION.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiffs' claim against defendant, LOCHINVAR CORPORATION, is barred because LOCHINVAR CORPORATION owed no duty to plaintiffs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21. That if JLL sustained injuries and/or damages, at the time and/or place and/or manner alleged in its Complaint, said injuries and/or damages were, in whole or in part, the result of JLL's own culpable conduct, including, but not limited to, negligence, carelessness, recklessness and/or assumption of risk.

22. By reason of the foregoing, defendant demands that the amount of any damages recovered or any judgment received by plaintiffs be reduced accordingly, pursuant to common law and CPLR §1411, in the proportion to which the culpable conduct attributable JLL bears to the culpable conduct which caused the injuries and/or damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23. If JLL has received or will receive remuneration and/or compensation for some or all of its claimed economic loss, defendant, LOCHINVAR CORPORATION, is entitled to have JLL's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to §4545(c) of the Civil Practice Law and Rules.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

24. The injuries and/or damages and the risks incident to the incident and/or situation mentioned in plaintiffs' Complaint were open, obvious and apparent, and were known and assumed by JLL and plaintiffs' claims are barred by virtue of JLL's assumption of the risks thereof.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

25. Plaintiffs and JLL failed to mitigate, obviate, diminish and otherwise act to lessen or reduce the alleged injuries and damages alleged in the Complaint.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

26. That, to the extent that the alleged damages and/or injuries of plaintiffs and JLL, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors, the claims of plaintiffs against defendant, LOCHINVAR CORPORATION, should be barred.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

27. This Court lacks subject matter jurisdiction in that Jones Lang LaSalle Management Services, Inc., a plaintiff herein, has a principal place of business in the State of New York and complete diversity does not lie between the parties pursuant to 28 U.S.C. §1332.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST
AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO & SON,
INC., and MANHATTAN MECHANICAL SERVICE, INC.**

28. That if JLL was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, other than JLL's own negligence, carelessness, recklessness, or other culpable conduct, said damages

were sustained by reason of the carelessness, recklessness, negligence and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute by the co-defendants, AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO & SON, INC., and MANHATTAN MECHANICAL SERVICE, INC., their agents, servants and/or employees, without any negligence or other culpable conduct on the part of defendant, LOCHINVAR CORPORATION, contributing thereto.

29. That by reason of the foregoing, defendant, LOCHINVAR CORPORATION, will not be liable to JLL or the co-defendants in the event and in the amount of recovery herein by JJL, and defendant, LOCHINVAR CORPORATION, is entitled to indemnification from the co-defendants, AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO & SON, INC., and MANHATTAN MECHANICAL SERVICE, INC.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO & SON, INC., and MANHATTAN MECHANICAL SERVICE, INC.

30. That if JLL was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, or other culpable conduct, other than JLL's own negligence, carelessness, recklessness, or other culpable conduct, and if plaintiffs should recover a verdict or judgment against defendant, LOCHINVAR CORPORATION, defendant will be damaged thereby, and such injuries or damages and verdict or judgment will have been brought about, caused and sustained by reason of the active and/or primary and/or affirmative carelessness, recklessness, negligence, culpable conduct and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute and/or wrongdoing by the co-defendants, AMBASSADOR

CONSTRUCTION CO., INC., DiGIACOMO & SON, INC., and MANHATTAN MECHANICAL SERVICE, INC., their agents, servants and/or employees, without any negligence on the part of defendant, LOCHINVAR CORPORATION, contributing thereto or with the negligence, if any, on the part of defendant, LOCHINVAR CORPORATION, which is specifically denied, being merely passive, secondary, and/or derivative in nature.

31. By reason of the foregoing, defendant, LOCHINVAR CORPORATION, is entitled to indemnification by said co-defendants, AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO & SON, INC., and MANHATTAN MECHANICAL SERVICE, INC.

32. By reason of the foregoing, if plaintiffs recover any verdict or judgment against defendant, LOCHINVAR CORPORATION, the co-defendants, AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO & SON, INC., and MANHATTAN MECHANICAL SERVICE, INC., will be liable to defendant, LOCHINVAR CORPORATION, under the doctrines of apportionment, contribution and/or indemnification for the full amount of any verdict and judgment, or for a proportionate share thereof, that plaintiffs may recover against or from defendant, LOCHINVAR CORPORATION, including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim, and defendant, LOCHINVAR CORPORATION, will not be liable to the co-defendants, AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO & SON, INC., and MANHATTAN MECHANICAL SERVICE, INC., in the event and in the amount of any recovery herein by plaintiffs.

WHEREFORE, defendant, LOCHINVAR CORPORATION, demands judgment dismissing the Complaint against it, or, in the alternative, granting it judgment over against and indemnity from co-defendants, AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO

& SON, INC., and MANHATTAN MECHANICAL SERVICE, INC., for all sums which LOCHINVAR CORPORATION is held liable to plaintiffs in this action or, in the alternative, for their proportionate share of the fault resulting in plaintiffs' damages.

Dated: March 7, 2008
       White Plains, New York

                                   Yours, etc.,

                                   RENDE, RYAN & DOWNES, LLP.

                                   By:       /S          
                                   ROLAND T. KOKE (RK1068)
                                 Attorneys for Defendant
                                 LOCHINVAR CORPORATION
                                 202 Mamaroneck Avenue
                                 White Plains, New York 10601
                                 (914) 681-0444

To:    ROBINSON & COLE, LLP
       Attorneys for Plaintiff
       885 Third Avenue, 28th Floor
       New York, New York 10022
       Attention: Michael B. Golden, Esq.
       212-451-2900

       BRODY, BENARD & BRANCH
       Attorneys for Defendant
       AMBASSADOR CONSTRUCTION CO., INC.
       205 Lexington Avenue, 4th Floor
       New York, New York 10016
       Attention: Matthew Rice, Esq.

       ABRAMS, GORELICK, FRIEDMAN &
       JACOBSON, P.C.
       Attorneys for Defendant
       MANHATTAN MECHANICAL SERVICE, INC.
       One Battery Park Plaza, 4th Floor
       New York, New York 10004
       Attention: Michael E. Gorelick, Esq.

**CERTIFICATE OF SERVICE**

This is to certify that on March 10, 2008, a copy of the foregoing **ANSWER TO AMENDED COMPLAINT and RULE 7.1 DISCLOSURE** was served on the following counsel of record via electronic filing and regular mail:

ROBINSON & COLE, LLP
Attorneys for Plaintiff
885 Third Avenue, 28th Floor
New York, New York 10022
Attention: Michael B. Golden, Esq.
212-451-2900

BRODY, BENARD & BRANCH
Attorneys for Defendant
AMBASSADOR CONSTRUCTION CO., INC.
205 Lexington Avenue, 4th Floor
New York, New York 10016
Attention: Matthew Rice, Esq.

ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, P.C.
Attorneys for Defendant
MANHATTAN MECHANICAL SERVICE, INC.
One Battery Park Plaza, 4th Floor
New York, New York 10004
Attention: Michael E. Gorelick, Esq.


/S
ROLAND T. KOKE (RK1068)
Attorneys for Defendant
LOCHINVAR CORPORATION
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444