UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA as subrogees of Jones Lang
LaSalle Management Services, Inc.,

                                              Plaintiffs,

           -against-

LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., F. DIGIACOMO & SONS,
INC., S. DIGIACOMO & SON, INC. and MANHATTAN
MECHANICAL SERVICE, INC.

                                              Defendants
------------------------------------------------------------------X

Case No.: 07 CV 9737
(GBD)(THK)

**ANSWER TO COMPLAINT**
**WITH CROSS-CLAIMS**

**JURY TRIAL DEMANDED**

       Defendant **S. DiGiacomo & Son, Inc.,** by its attorneys, FRENCH & RAFTER, LLP, as and for its Answer to the Verified Complaint, alleges as follows:

### Background

       1.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1", and refers to the Complaint for the allegations contained therein.

       2.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2".

       3.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "3" and denies Defendant S. DiGiacomo & Son, Inc. improperly manufactured, designed or installed the coupling alleged to have failed.

4.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4", and refers to the Complaint for the allegations contained therein.

### Jurisdiction and Venue

5.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "5" and "6", and respectfully refers all questions of law to the Court.

### The Parties

6.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "7", "8", "9", "10", and "11".

7.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "12" and respectfully refers all questions of law to the Court.

8.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "13", and "14".

9.  Denies the allegations contained in paragraph designated "15" that defendants F. DiGiacomo & Son, Inc. and S. DiGiacomo & Son, Inc. are affiliates, denies having knowledge or information sufficient to form a belief as to the as to the corporate status of defendant F. DiGiacomo & Son, Inc., and admits that defendant S. DiGiacomo is a corporation duly organized under the laws of the State of New York but denies its principal place of business is Eastchester, New York.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16".

11. Denies having knowledge or information sufficient to form a belief as to the as to the truth of the allegations contained in paragraphs designated "17, "18", "19", "20", and "21".

12. Denies having knowledge or information sufficient to form a belief as to the as to the truth of the allegations contained in paragraphs designated "22", and refers to the relevant agreements for the terms and conditions contained therein.

13. Denies having knowledge or information sufficient to form a belief as to the as to the truth of the allegations contained in paragraphs designated "23" and "24".

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

14. Defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs designated "1" through "24" as though fully set forth herein at length in response to paragraph designated "25".

15. Denies having knowledge or information sufficient to form a belief as to the as to the truth of the allegations contained in paragraphs designated "26", "27", and "28".

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "29", and respectfully refers all questions of law to the Court.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

17. Defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs designated "1" through "29" as though fully set forth herein at length in response to paragraph designated "30".

18. Denies having knowledge or information sufficient to form a belief as to the as to the truth of the allegations contained in paragraphs designated "31" "32", "33", "34.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "35", and respectfully refers all questions of law to the Court.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

20. Defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs designated "1" through "35" as though fully set forth herein at length in response to paragraph designated "36".

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "37", and respectfully refers all questions of law to the Court.

22. Denies the allegations contained in paragraph designated "38", and "39".

23. Denies the allegations contained in paragraph designated "40" and respectfully refers all questions of law to the Court.

## AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

24. That this action is barred and/or limited by reason of the expiration of the applicable statute of limitations.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

25. That the damages allegedly suffered by the Plaintiffs were caused in whole or in part by the culpable conduct of the Plaintiffs themselves, and the Plaintiffs' claims are therefore barred or diminished in the proportion that such culpable conduct of the Plaintiffs bears to the total culpable conduct causing the damages.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

26. Upon information and belief, in the event that a judgment is rendered against this answering Defendant, it shall not be responsible for more than its proportionate share of liability pursuant to Section 1601, *et. seq.* of the CPLR.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

27. That any and all expenses and economic losses incurred by the Plaintiffs have been or will be paid to the Plaintiffs by a collateral source as defined in CPLR §4545(c), and, as such, these answering Defendants are, as a matter of law, not required to indemnify the Plaintiffs, and consequently, the Plaintiffs' claims are therefore extinguished or diminished.

### AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

28. That any damages sustained by Plaintiffs were caused by third parties over whom this answering Defendant exercised no control and/or right of control.

### AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

29. That the Plaintiffs have failed to mitigate damages.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC., F. DIGIACOMO, AND MANHATTAN MECHANICAL SERVICE, INC., THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

30. That if Plaintiffs sustained the damages in the manner and at the time and place alleged, and if it is found that the answering Defendant, **S. DiGiacomo & Son, Inc.** is liable to Plaintiffs herein, all of which is specifically denied, then said answering Defendant, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to contribution from Co-Defendants, Lochinvar Corporation, Ambassador Construction Co., Inc., F. DiGiacomo, and Manhattan Mechanical Service, Inc., for any verdict or judgment that Plaintiffs may recover against the answering Defendant.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS CO-DEFENDANTS LOCHINVAR CORPORATION, AMBASSADOR CONSTRUCTION CO., INC., F. DIGIACOMO, AND MANHATTAN MECHANICAL SERVICE, INC., THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS

31. That if Plaintiffs sustained the damages in the manner and at the time and place alleged, and if it is found that the answering Defendant, **S. DiGiacomo & Son, Inc.** is liable herein, all of which is specifically denied, then said answering Defendant, on the basis of common-law indemnification, is entitled to indemnification from and judgment over and against Co-Defendants, - Lochinvar Corporation, Ambassador Construction Co., Inc., F. DiGiacomo, and Manhattan Mechanical Service, Inc., for any verdict or judgment that may be recovered against the answering Defendant.

**WHEREFORE**, Defendant **S. DiGiacomo & Son, Inc.** demands judgment dismissing Plaintiffs' Complaint against it, and further demands that in the event said answering Defendant is found liable to Plaintiffs herein, then said answering Defendant on the basis of apportionment of responsibility and/or the basis of common law indemnification has judgment over and against Co-Defendants, Lochinvar Corporation, Ambassador Construction Co., Inc., F. DiGiacomo, and

Manhattan Mechanical Service, Inc., for all or part of any verdict or judgment against said answering Defendant, together with the costs and disbursements of this action.

Dated: New York, New York
April 23, 2008

                                 Yours, etc.
                                 FRENCH & RAFTER, LLP

BY: _____
BETH L. REX, ESQ. (BLR 2025)
Attorneys for Defendant
**S. DiGiacomo & Son, Inc.**
29 Broadway, 27th Floor
New York, New York 10006
212-797-3544
File #: 8400.1147

TO:

Michael B. Golden (MG-0633)
Attorneys for Plaintiffs
885 Third Avenue, Suite 2800
New York, New York 10022
(212) 451-2900

Matthew Rice, Esq.
Attorneys for Defendant
**Ambassador Construction Co., Inc.**
205 Lexington Avenue, 4th Floor
New York, New York 10016
(212) 679-7007

Roland T. Koke, Esq.
Attorneys for Defendant
**Lochinvar Corporation**
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444

Abrams Gorelick Friedman & Jacobson, P.C.
Attorneys for Defendant
**Manhattan Mechanical Services, Inc.**
One Battery Park Plaza, 4th Floor
New York, New York 10004