UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA as subrogees of
Jones Lang LaSalle Management Services,
Inc.,

                          Index: 07-CV-9737

                  Plaintiffs,

          -against-                    **ANSWER TO**
                                            **THIRD-PARTY COMPLAINT**

LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., DiGIACOMO &
SON, INC. and MANHATTAN MECHANICAL
SERVICE, INC.,

                  Defendants.        (GBD)      (THK)
-------------------------------------------------------------------X
LOCHINVAR CORPORATION,

               Third-Party Plaintiff,

         -against-

SOUTH ERIE PRODUCTION COMPANY d/b/a
SEPCO ERIE,

             Third-Party Defendant.
-------------------------------------------------------------------X

      The Third-Party Defendant, SOUTH ERIE PRODUCTION COMPANY, INC.

s/h/a SOUTH ERIE PRODUCTION COMPANY d/b/a SEPCO ERIE, by HAMMILL,

O'BRIEN, CROUTIER & DEMPSEY, P.C., its attorneys, as and for its Answer to the

Complaint of the defendant/third-party plaintiff, shows to this Court and alleges as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

      1.    Denies upon information and belief each and every allegation

contained in paragraphs "1", "3", "4" and "8" through "11" of the Third-Party Complaint

herein.

2.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of the Third-Party Complaint herein except admits that at all times hereinafter mentioned, third party defendant SOUTH ERIE PRODUCTION COMPANY, INC. was and still is a Pennsylvania corporation and actually doing business within the State of New York and respectfully refers all questions of law to this Honorable Court.

3.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court.

4.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "6" and "7" of the Third-Party and begs leave of Court to refer to all pleadings at time of trial.

## ANSWERING THE SECOND CAUSE OF ACTION

5.     In response to paragraph "12" of the Third-Party Complaint herein, third-party defendant repeats and reiterates each and every denial herein before made with the same force and effect as though the same were more fully set forth herein in answer to paragraph marked "1" through "11" of the Third-Party Complaint herein.

6.     Denies upon information and belief each and every allegation contained in paragraphs "13" and "14" of the Third-Party Complaint herein.

## ANSWERING THE THIRD CAUSE OF ACTION

7.     In response to paragraph "15" of the Third-Party Complaint herein, third-party defendant repeats and reiterates each and every denial herein before made

with the same force and effect as though the same were more fully set forth herein in answer to paragraph marked "1" through "14" of the Third-Party Complaint herein.

8.   Denies upon information and belief each and every allegation contained in paragraphs "16" through "19" of the Third-Party Complaint herein.

## ANSWERING THE FOURTH CAUSE OF ACTION

9.   In response to paragraph "20" of the Third-Party Complaint herein, third-party defendant repeats and reiterates each and every denial herein before made with the same force and effect as though the same were more fully set forth herein in answer to paragraph marked "1" through "19" of the Third-Party Complaint herein.

10.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of the Third-Party Complaint and begs leave of Court to refer to all contracts at time of trial and respectfully refers all questions of law to this Honorable Court.

11.   Denies upon information and belief each and every allegation contained in paragraph "20" of the Third-Party Complaint herein.

## ANSWERING THE FIFTH CAUSE OF ACTION

12.   In response to paragraph "23" of the Third-Party Complaint herein, third-party defendant repeats and reiterates each and every denial herein before made with the same force and effect as though the same were more fully set forth herein in answer to paragraph marked "1" through "22" of the Third-Party Complaint herein.

13.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of the Third-Party Complaint and begs leave of Court to refer to all contracts at time of trial and respectfully

refers all questions of law to this Honorable Court.

14.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "25" and "26" of the Third-Party Complaint and begs leave of Court to refer to all insurance policies at time of trial and respectfully refers all questions of law to this Honorable Court

15.    Denies upon information and belief each and every allegation contained in paragraph "27" of the Third-Party Complaint herein.

## AS AND FOR A COUNTERCLAIM AGAINST
## DEFENDANT/THIRD-PARTY PLAINTIFF, LOCHINVAR CORPORATION,
## THE THIRD PARTY DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

16.    That if the defendant/third-party plaintiff sustained the injuries alleged in the manner alleged, all of which is denied by answering third-party defendant, then such injuries were caused in whole or in part by the negligence of the defendant/third-party plaintiff.

## AS AND FOR A CROSS-COMPLAINT OVER AND AGAINST THE
## DEFENDANTS, AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO
## & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC.,
## THIS ANSWERING THIRD-PARTY DEFENDANT ALLEGES
## UPON INFORMATION AND BELIEF:

17.    That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than of the plaintiff's, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation, and/or Statute and/or Warranty and/or contract in fact or implied in law, upon the part of the defendants, AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO &

SON, INC. and MANHATTAN MECHANICAL SERVICE, INC., with indemnification and save harmless agreement and/or responsibility by it in fact and/or implied by law, and without any breaches or any negligence of this cross-claiming third-party defendant contributing thereto, and if this cross-claiming third-party defendant is found negligent as to the plaintiff for the injuries and damages as set forth in the plaintiff's Complaint, then and in that event, the relative responsibilities of all said defendants in all fairness must be apportioned by a separate determination, in view of the existing factual disparity, and the defendants, AMBASSADOR CONSTRUCTION CO., INC., DiGIACOMO & SON, INC. and MANHATTAN MECHANICAL SERVICE, INC., herein will be liable over jointly and severally to this cross-claiming third-party defendant and bound to fully indemnify and hold this cross-claiming third-party defendant harmless for the full amount of any verdict or judgment that the plaintiffs herein may recover against this cross-claiming third-party defendant in this action, including all costs of investigation, disbursements, expenses or attorneys' fees incurred in the defense of this action and in the conduct of this cross-complaint.

### ANSWERING THE PLAINTIFF'S AMENDED COMPLAINT

18.    Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "1" through "4", "7" through "20" and "22" through "24" of the plaintiff's Amended Complaint herein.

19.    Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "5" and "6" of the plaintiff's Amended Complaint herein and respectfully refers all questions of law to this Honorable Court.

20.    Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of the plaintiff's Amended Complaint herein.

## ANSWERING THE PLAINTIFF'S  FIRST CLAIM FOR RELIEF

21.    In response to paragraph "25" of the plaintiff's Amended Complaint, third-party defendant repeats and reiterates each and every denial herein before made with the same force and effect as if same were more fully set forth herein in answer to paragraphs "1" through "24" of the plaintiff's Amended Complaint herein.

22.    Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "26" through "29" of the plaintiff's Amended Complaint herein.

## ANSWERING THE PLAINTIFF'S  SECOND CLAIM FOR RELIEF

23.    In response to paragraph "30" of the plaintiff's Amended Complaint, third-party defendant repeats and reiterates each and every denial herein before made with the same force and effect as if same were more fully set forth herein in answer to paragraphs "1" through "29" of the plaintiff's Amended Complaint herein.

24.    Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of the plaintiff's Amended Complaint herein.

25.    Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "32" through "35" of the plaintiff's Amended Complaint herein.

## ANSWERING THE PLAINTIFF'S THIRD CLAIM FOR RELIEF

26.    In response to paragraph "36" of the plaintiff's Amended Complaint, third-party defendant repeats and reiterates each and every denial herein before made with the same force and effect as if same were more fully set forth herein in answer to paragraphs "1" through "35" of the plaintiff's Amended Complaint herein.

27.    Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "37" through "39" of the plaintiff's Amended Complaint herein.

28.    Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "40" of the plaintiff's Amended Complaint herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.    That if the plaintiff sustained any personal injuries or property damage, such injuries or damages were caused by his or her own negligence, wholly or partially, and without any negligence on the part of this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.    That if the plaintiff sustained injuries and damages in the manner alleged in the Complaint, such injuries arose as a result of certain risks, dangers and hazards that had been obvious, known to and assumed by the plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31.    That if the plaintiff sustained any damages as alleged in the complaint, such injuries or damages were caused, aggravated or contributed to by the plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to

the plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

WHEREFORE, the Third-Party Defendant, SOUTH ERIE PRODUCTION COMPANY, INC. s/h/a SOUTH ERIE PRODUCTION COMPANY d/b/a SEPCO ERIE, demands judgment dismissing the Third-Party Complaint and the plaintiffs' Complaint herein on the merits and if the plaintiff is found to have contributed to the accident, that any damages be reduced in proportion to which the plaintiff is found to have contributed to the accident and damages, or in the alternative, that the answering third-party defendant herein have judgment over and against the defendant/third-party plaintiff, LOCHINVAR CORPORATION, to the degree and proportionate share of the plaintiff's recovery as is their respective degree of negligence, as determined herein, together with the costs and disbursements of this action.

Dated:  Syosset, New York
       July 23, 2008

Yours etc.,

HAMMILL, O'BRIEN, CROUTIER,
DEMPSEY & PENDER, P.C.

By:  Richard C. Koehler, Esq. (RCK-0125)
Attorneys for Third-Party Defendant
SOUTH ERIE PRODUCTION COMPANY, INC.
Office and P.O. Address
6851 Jericho Turnpike, Suite 250
P.O. Box 1306
Syosset, New York 11791
(516) 746-0707
File:  75-2/2-1284US
rck@hocd.com

TO:    RENDE, RYAN & DOWNES, LLP

Attorneys for Defendant/Third-Party Plaintiff
LOCHINVAR CORPORATION
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444

ROBINSON & COLE, LLP
Attorneys for Plaintiffs
885 Third Avenue, 28th Floor
New York, New York 10022
(212) 451-2900

BRODY, BENARD & BRANCH
Attorneys for Defendant
AMBASSADOR CONSTRUCTION CO., INC.
205 Lexington Avenue, 4th Floor
New York, New York 10016
(212) 679-7007

FRENCH & RAFTER, LLP
Attorneys for Defendant
S. DiGIACOMO & SONS, INC.
29 Broadway, 27th Floor
New York, New York 10006
(212) 797-3544

ABRAMS, GORELICK,
FRIEDMAN & JACOBSON, P.C.
Attorneys for Defendant
MANHATTAN MECHANICAL SERVICE, INC.
One Battery Park Plaza, 4th Floor
New York, New York 10004
212) 968-7573

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, the undersigned, am an attorney duly admitted to practice in the Courts of New York State and say that: I am the attorney of record for third-party defendant, SOUTH ERIE PRODUCTION COMPANY, INC., I have read the annexed ANSWER TO THIRD-PARTY COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: The files maintained by the offices of HAMMILL, O'BRIEN, CROUTIER, DEMPSEY & PENDER, P.C.

The reason I make this Affirmation instead of defendant, is that third-party defendant, SOUTH ERIE PRODUCTION COMPANY, INC., has its principal place of business outside the County where your affirmant has his office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: Syosset, New York
       July 23, 2008

_____
RICHARD C. KOEHLER (RCK-0125)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA as subrogees of
Jones Lang LaSalle Management Services,
Inc.,

                            PlaintiffS,

            -against-

LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., DiGIACOMO &
SON, INC. and MANHATTAN MECHANICAL
SERVICE, INC.

                         Defendant
-------------------------------------------------------------------X
LOCHINVAR CORPORATION,

            Third-Party Plaintiff,

            -against-

SOUTH ERIE PRODUCTION COMPANY d/b/a
SEPCO ERIE,

            Third-Party Defendant.
-------------------------------------------------------------------X

Index: 07-CV-9737

**DEMAND FOR**
**INTERROGATORIES**

(GBD)       (THK)

C O U N S E L O R S:

        PLEASE TAKE NOTICE that the answering third-party defendant demands that the plaintiffs serve upon the undersigned within twenty (20) days of the date of service hereof, Responses to Interrogatories with respect to the following matters:

        1.    Will it be claimed that the impleading or cross-claiming party against this answering third-party defendant is entitled to total or partial indemnification?

        2.    Is indemnity claimed by virtue of:

        a)    breach of contract

b)    breach of warranty
c)    negligence of the third party defendant
d)    hold harmless agreement given by this answering third-party defendant.

3.    If it is claimed that this third-party defendant is required to give indemnity by reason of breach of agreement or contract or is required to give indemnity pursuant to the terms of any agreement or contract:

a)    State whether it will be claimed that such agreement or contract was entered into.

b)    If oral:
i.    on what date was said agreement or contract entered into.
ii.    where was said agreement or contract entered into.
iii.    who acted on behalf of each party in making said agreement or contract
iv.    set forth all of the terms and condition of the agreement or contract.

4.    If in writing, set forth a full, true and complete copy of the agreement or contract.

5.    What acts or omissions constituted the breach of contract or agreement of this third-party defendant.

6.    If negligence is claimed against the third-party defendant, set forth the acts or omissions upon which the said third-party plaintiffs will rely.

7.    If violation of statute or ordinance is claimed against the third-party defendant, set forth and identify what (a) statutes, (b) ordinances, (c) regulations, and (d) rules which the said third-party defendant violated.

8.    If the third-party plaintiff claims a dangerous, unsafe or defective condition was the cause of the accident:

a.  describe the condition
b.  set forth in what manner the condition described was dangerous, defective and/or unsafe
c.  specify the date and time when the condition was caused or created
d.  set forth the identity of the person or company who caused or created the condition.

9.    State whether the third-party defendant:

a.  had actual or constructive notice of the condition alleged

b. if actual notice is claimed, state to whom and by whom such notice was given; the date, place and manner in which such notice was given

c. if constructive notice is claimed, state how long the defective condition existed and the manner in which the third- party defendant knew or should have known of the condition.

10.    If it is claimed that this third-party defendant breached any warranties:

a. state whether it will be claimed that such warranties were express or implied and whether oral or in writing.

b. If implied or oral:

i.    on what date were said warranties made

ii.   what were each of the parties thereto when the warranties were made

iii.  who acted on behalf of each party in making said warranties

iv.   set forth all of the terms and conditions of said warranties.

c. If in writing, set forth a full, true and complete copy of the warranties.

11.    In what manner will it be claimed that this third-party defendant breached it warranties.

12.    State to whom notice of breach of warranty was given, when notice of breach of warranty was given and who has notice of breach of warranty.  If written, set forth a full, true and complete copy thereof.

13.    State in what manner it is claimed that the answering third-party defendant was negligent in the design, testing, manufacture, promoting, selling, distributing, inspection, assembly, examination of the coupling as alleged in the Third-Party Complaint and the plaintiff's Complaint.

14.    Set forth each and every alleged defective part or condition with sufficient description that the same may be identified.

15.    As to each and every part or component of the subject coupling that the third-party plaintiff and plaintiffs claim is defective, set forth with particularity and specificity the nature of the defect or inadequacy claimed.

16.    Set forth a specific description of the alleged defective coupling stating any identifying marks, names, serial numbers, model numbers or otherwise.

17.    Set forth:

a.    the specific date the coupling was purchased

b.    from whom said coupling, that is the subject of this litigation, was purchased

c.    when said coupling was first put into use

d.    attach a copy of the purchase order, receipt, bill or any other writing evidencing the purchase of the subject coupling

18.    State whether it is claimed that the third-party plaintiff or anyone on behalf of third-party plaintiff made any complaints with regard to said coupling that is the subject of this litigation, at any time prior to the occurrence alleged in the Complaint. If yes, state with regard to each and every occasion of complaint:

a.    The name and address of each person making such complaint

b.    The name and address of each person to whom such complaint was made.

c.    The date(s) prior to the occurrence on which complaint(s) was/were made.

d.    If such complaint(s) were oral, set forth the sum and substance thereof

e.    If such complaint(s) were in writing, set forth a true and correct copy thereof.

19.    State in what respect said coupling was not fit and/or reasonably safe for the purpose intended.

20.    State whether any repairs, changes or alterations were made to the coupling involved since purchased and/or installed. If so:

a.    describe each and every repair, change or alteration.

b.    state when said repair, change or alteration was made

c.    state the name and address of the person(s) making such repair, change or alteration.

21.    State whether the subject coupling was inspected and/or serviced prior to the alleged occurrence. If so:

a.    state the date(s) of each inspection and/or servicing.

b.    the place of each such inspection and/or servicing

c.    the name(s) and address(es) of those person(s) who performed said inspection and/or servicing.

22.    State whether any inspection, test or analysis was/were made of the subject coupling or parts thereof, subsequent to the occurrence described in the complaint. If yes:

a.    set forth the name(s) and address(es) of each person(s) who conducted such test.

b.    identify the part or parts of the coupling upon which tests were conducted

c.    identify the nature and type of test conducted.

d.    state in detail the result(s) of said test.

e.    if the test(s) or the result(s) were reduced to writing, set forth a true and correct copy thereof.

23.    State the current location of the product that is the subject of the this litigation.

24.    State whether any part(s) of the subject coupling are within the possession and control of the third-party plaintiffs or any person or representative acting on behalf of the third-party plaintiffs. If so, identify the part(s) of the coupling that are within the possession and control of those person(s) and set forth the name(s) and address(es) of those person(s).

25.    State whether the third-party plaintiffs or any person or representative acting on behalf of the third-party plaintiffs have photographs of the coupling in question. If so, attach copies thereof.

PLEASE TAKE FURTHER NOTICE that your failure to serve said responses to Interrogatories as demanded within the time set forth in the FRCP then we will move for an Order to compel the third-party plaintiff to provide said Interrogatories which have been duly demanded herein.

Dated:  Syosset, New York
        July 23, 2008

Yours etc.,

HAMMILL, O'BRIEN, CROUTIER, DEMPSEY & PENDER, P.C.

By:  Richard C. Koehler, Esq. (RCK-0125)
Attorneys for Third-Party Defendant
SOUTH ERIE PRODUCTION COMPANY, INC.
    Office and P.O. Address
6851 Jericho Turnpike, Suite 250

P.O. Box 1306
Syosset, New York 11791
(516) 746-0707
File: 75-2/2-1284US
rck@hocd.com

TO:   RENDE, RYAN & DOWNES, LLP
Attorneys for Defendant/Third-Party Plaintiff
LOCHINVAR CORPORATION
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 681-0444

ROBINSON & COLE, LLP
Attorneys for Plaintiffs
885 Third Avenue, 28th Floor
New York, New York 10022
(212) 451-2900

BRODY, BENARD & BRANCH
Attorneys for Defendant
AMBASSADOR CONSTRUCTION CO., INC.
205 Lexington Avenue, 4th Floor
New York, New York 10016
(212) 679-7007

FRENCH & RAFTER, LLP
Attorneys for Defendant
S. DiGIACOMO & SONS, INC.
29 Broadway, 27th Floor
New York, New York 10006
(212) 797-3544

ABRAMS, GORELICK,
FRIEDMAN & JACOBSON, P.C.
Attorneys for Defendant
MANHATTAN MECHANICAL SERVICE, INC.
One Battery Park Plaza, 4th Floor
New York, New York 10004
212) 968-7573

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA as subrogees of
Jones Lang LaSalle Management Services,
Inc.,

Index: 07-CV-9737

               Plaintiff,

     -against-

**NOTICE
TO PRODUCE**

LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., DiGIACOMO &
SON, INC. and MANHATTAN MECHANICAL
SERVICE, INC.,

               Defendants.

(GBD)     (THK)

-------------------------------------------------------------------X
LOCHINVAR CORPORATION,

               Third-Party Plaintiff,

     -against-

SOUTH ERIE PRODUCTION COMPANY d/b/a
SEPCO ERIE

               Third-Party Defendant.
-------------------------------------------------------------------X

C O U N S E L O R S:

     PLEASE TAKE NOTICE that pursuant to the applicable Rules of the FRCP,
you are hereby required to produce for discovery, inspection and copying at the offices of
HAMMILL, O'BRIEN, CROUTIER & DEMPSEY, P.C., 6851 Jericho Turnpike, Suite 250,
Syosset, New York, within twenty (20) days of service of a copy hereof, the following:

     1.     Copies of all pleadings that have been served by or on behalf of all
of the parties to this litigation, including but not limited to plaintiffs' responses to
Interrogatories.

2.     Copies of any and all transcripts of examinations before trial/depositions that have been conducted during the course of this litigation up until the present time.

3.     If no examinations before trial have been conducted, copies of any and all notices for examination before trial/depositions that were previously served by any of the parties.

4.     Copies of any and all notices for discovery and inspection and responses thereto that have been served by any of the parties to this litigation including any mandatory pre-trial disclosures.

5.     Photographs of the accident scene and of the instrumentalities involved.

6.     If this action has been placed on the trial calendar, then please provide a copy of the Note of Issue and all accompanying documents.

Dated:  Syosset, New York
        July 23, 2008

                                        Yours etc.,

                                        HAMMILL, O'BRIEN, CROUTIER,
                                        DEMPSEY & PENDER, P.C.

                                        By:  Richard C. Koehler, Esq. (RCK-0125)
                                        Attorneys for Third-Party Defendant
                                        SOUTH ERIE PRODUCTION CO., INC.
                                        Office and P.O. Address
                                        6851 Jericho Turnpike, Suite 250
                                        P.O. Box 1306
                                        Syosset, New York 11791
                                        (516) 746-0707
                                        File:  75-2/2-1284US
                                        rck@hocd.com

TO:     RENDE, RYAN & DOWNES, LLP
        Attorneys for Defendant/Third-Party Plaintiff
        LOCHINVAR CORPORATION
        202 Mamaroneck Avenue
        White Plains, New York 10601
        (914) 681-0444

        ROBINSON & COLE, LLP

Attorneys for Plaintiffs
885 Third Avenue, 28th Floor
New York, New York 10022
(212) 451-2900

BRODY, BENARD & BRANCH
Attorneys for Defendant
AMBASSADOR CONSTRUCTION CO., INC.
205 Lexington Avenue, 4th Floor
New York, New York 10016
(212) 679-7007

FRENCH & RAFTER, LLP
Attorneys for Defendant
S. DiGIACOMO & SONS, INC.
29 Broadway, 27th Floor
New York, New York 10006
(212) 797-3544

ABRAMS, GORELICK,
FRIEDMAN & JACOBSON, P.C.
Attorneys for Defendant
MANHATTAN MECHANICAL SERVICE, INC.
One Battery Park Plaza, 4th Floor
New York, New York 10004
212) 968-7573

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA as subrogees of
Jones Lang LaSalle Management Services,
Inc.,

        Index: 07-CV-9737

      Plaintiff,

    -against-        **NOTICE FOR**
                  **DISCOVERY AND**
                  **INSPECTION**

LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., DiGIACOMO &
SON, INC. and MANHATTAN MECHANICAL
SERVICE, INC.,

       Defendant.    (GBD)   (THK)
------------------------------------------------------------------X
LOCHINVAR CORPORATION,

      Third-Party Plaintiff,

    -against-

SOUTH ERIE PRODUCTION COMPANY d/b/a
SEPCO ERIE

      Third-Party Defendants.
------------------------------------------------------------------X

C O U N S E L O R S:

  PLEASE TAKE NOTICE that the Third-Party Defendant, SOUTH ERIE

PRODUCTION COMPANY, INC hereby demands that the defendant/third-party plaintiff

LOCHINVAR CORPORATION, produce for discovery inspection and photocopying at the

offices of HAMMILL, O'BRIEN, CROUTIER & DEMPSEY, P.C., located at 6851 Jericho

Turnpike, Suite 250, Syosset, New York within twenty (20) days of the date of service

herein, the following:

1.    The complete name and addresses of any person(s) claimed to be a witness to:

a.    the occurrence alleged in the complaint, or

b.    Any acts, omissions, defects or conditions which allegedly caused the occurrence set forth in the complaint, or

c.    The complete name and address of any person(s) claiming actual notice to any party represented by the undersigned or any condition which is alleged to have caused the occurrence set forth in the complaint, and the date and manner thereof, or,

d.    The nature and duration of any alleged conditions which allegedly caused the occurrence set forth in the complaint; or,

e.    If this claim involves an applicable street defect claim, supply the name and addresses of all persons upon whom third party plaintiff(s) will rely at the time of trial to establish prior written notice to the third party defendant(s) of the alleged defect, the date, the time and the manner of such notification and a true, full, legible and complete copy of such written notification to be relied upon by the third party plaintiff herein.

IF SUCH INFORMATION IS NOT KNOWN, SO STATE IN A SWORN REPLY. THE THIRD PARTY DEFENDANT WILL OBJECT AT THE TIME OF TRIAL TO THE TESTIMONY OF ANY WITNESS NOT SUPPLIED IN ACCORDANCE WITH THIS DEMAND.

2.    Exact duplicate reproductions of photographs of any instrumentality claimed to be involved in the alleged occurrence and/or the scene of the alleged occurred in your possession, custody and control or in the possession or under the control of any party you represent, or your agent, servant, employee and/or principal which represents the conditions of the location at the time of the occurrence and/or the instrumentalities involved or claimed to have been involved therein, and/or photographs indicating the medical condition of the plaintiff immediately prior thereto or shortly after the alleged incident which is the subject of this action. In the event property damage i alleged, true and complete copies of any and all photographs depicting such damage immediately prior thereto or shortly after the alleged occurrence which is the subject of this action.

3.    Full, true, legible and complete copies of any accident reports or statement prepared or made in the regular course of business by any employee, agent or representative of any party to this action.

4.    A full, true, legible and complete copy of any statements made by or taken from any of the parties represented by the undersigned, their agents, servants and/or employees, whether written, oral or recorded, including full, true, legible and

complete copies of transcription of same, in your possession, custody or control or presently in your possession or under the control of any party you represent or your agent, servant, employee and/or principal.

5.    Any statement, unsigned statement, or copy of any recorded statement or documents made by or taken from any other party in this action.

6.    Pursuant to FRCP 26, it hereby demands that the third party plaintiff(s) produce a true and complete copy of all insurance agreements with respect to the period of time alleged in the plaintiff(s)' complaint specifically indicating:

        a.    Insurance Company.
        b.    Policy Number.
        c.    Limits.
        d.    Excess coverage, if applicable.

7.    Copies of any and all contracts, agreements, writings or documents between any of the parties referred to in this action, and any additional subcontractors retained by the third party plaintiff(s) as they relate to the construction where the occurrence allegedly took place. If said contracts or agreements are alleged to be oral, the words in substance of any oral contracts or agreements.

8.    Pursuant to FRCP 26:

        a.    identify and state the qualifications of each person whom you expect to call at trial as an expert witness;
        b.    state the subject matter in reasonable detail upon which the expert is expected to testify;
        c.    provide the facts and opinions upon which the expert is expected to testify; and
        d.    provide a summary of the grounds of each such opinion.

PLEASE TAKE FURTHER NOTICE that the foregoing demand is a continuing demand. In the event any of the above items are obtained after service of this demand or service of a response hereto, they are to be furnished to the undersigned forthwith.

PLEASE TAKE FURTHER NOTICE that your failure to comply herewith will result in an application by the undersigned to a Court for the appropriate relief.

Dated:  Syosset, New York
        July 23, 2008

Yours etc.,

HAMMILL, O'BRIEN, CROUTIER,
DEMPSEY & PENDER, P.C.

By:  Richard C. Koehler, Esq. (RCK-0125)
Attorneys for Third-Party Defendant
SOUTH ERIE PRODUCTION COMPANY, INC.
Office and P.O. Address
6851 Jericho Turnpike, Suite 250
P.O. Box 1306
Syosset, New York 11791
(516) 746-0707
File:  75-2/2-1284US
rck@hocd.com

TO:    RENDE, RYAN & DOWNES, LLP
       Attorneys for Defendant/Third-Party Plaintiff
       LOCHINVAR CORPORATION
       202 Mamaroneck Avenue
       White Plains, New York 10601
       (914) 681-0444

       ROBINSON & COLE, LLP
       Attorneys for Plaintiffs
       885 Third Avenue, 28th Floor
       New York, New York 10022
       (212) 451-2900

       BRODY, BENARD & BRANCH
       Attorneys for Defendant
       AMBASSADOR CONSTRUCTION CO., INC.
       205 Lexington Avenue, 4th Floor
       New York, New York 10016
       (212) 679-7007

       FRENCH & RAFTER, LLP
       Attorneys for Defendant
       S. DiGIACOMO & SONS, INC.
       29 Broadway, 27th Floor
       New York, New York 10006
       (212) 797-3544

       ABRAMS, GORELICK,
       FRIEDMAN & JACOBSON, P.C.

Attorneys for Defendant
MANHATTAN MECHANICAL SERVICE, INC.
One Battery Park Plaza, 4th Floor
New York, New York 10004
212) 968-7573

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY and
TRAVELERS    PROPERTY    CASUALTY
COMPANY OF AMERICA as subrogees of
Jones Lang LaSalle Management Services,
Inc.,

                   Index: 07-CV-9737

             Plaintiff,

      -against-
                   **COMBINED**
                   <u>**DISCOVERY DEMANDS**</u>
LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., DiGIACOMO &
SON, INC. and MANHATTAN MECHANICAL
SERVICE, INC.

             Defendants.       (GBD)     (THK)
------------------------------------------------------------------X
LOCHINVAR CORPORATION

            Third-Party Plaintiff,

      -against-

SOUTH ERIE PRODUCTION COMPANY d/b/a
SEPCO ERIE,

            Third-Party Defendant.
------------------------------------------------------------------X

C O U N S E L O R S:

     PLEASE TAKE NOTICE that, the plaintiff is hereby required to supply the

undersigned, at the below listed address for discovery, inspection and copying, pursuant

to FRCP Rule 26, within fifteen (15) days of the date of service hereof, the following:

        1.     NAME AND ADDRESS OF WITNESS(ES):  The complete names
and addresses of any person(s) claimed to be a witness to:

        a.     The occurrence(s) alleged in the complaint;

b.     Any acts, omissions, defects or conditions which allegedly caused the occurrence set forth in the complaint; or

c.     The complete names and addresses of any person or persons claiming actual notice to any party represented by the undersigned of any condition which is alleged to have caused the occurrence set forth in the complaint and the date and manner thereof; or

d.     The nature and duration of any alleged condition which allegedly caused the occurrence set forth in the complaint; or

e.     If this claim involves an applicable street defect claim, supply the complete names and addresses of all persons upon whom plaintiff will rely at the time of trial to establish prior written notice to this answering defendant of the alleged defect, the date, time and manner of such notification, and a true, full, legible and complete copy of such written notification to be relied upon by plaintiff(s) herein.

IF SUCH INFORMATION IS NOT KNOWN, SO STATE IN A SWORN REPLY.  THIS ANSWERING DEFENDANT WILL OBJECT AT THE TIME OF TRIAL TO THE TESTIMONY OF ANY WITNESS NOT SUPPLIED IN ACCORDANCE WITH THIS DEMAND.

2.     STATEMENTS

a.     Any such statement, unsigned statement, oral statement or copy of any recorded statement or document made or taken from any party represented by the undersigned in this action; or from any agent, servant or employee of any defendant represented by this office; or

b.     Any statement, unsigned statement, or copy of any recorded statement or document made by or taken from any co-defendant or agent, servant or employee of any co-defendant.

3.     PHOTOGRAPHS.  Exact duplicate reproductions of all photographs of any instrumentality claimed to be involved in the alleged occurrence and/or of the scene of the alleged occurrence in your possession, custody or control, or in the possession, custody or control of any party you represent or your agent, servant, employee and/or principal, which represents the condition of the location at the time of the alleged occurrence and/or instrumentalities involved or claimed to be involved therein, and/or photographs indicating the medical condition of the plaintiff immediately prior thereto or shortly after the alleged incident which is the subject of this action.  In the event

property damage is alleged, true and complete copies of any and all photographs depicting such damage immediately prior thereto or shortly after the alleged occurrence which is the subject of this action.

4. INCOME TAX RECORDS. If a claim of lost earnings is being made, you are required to produce full, true, legible and complete copies of all federal income tax returns for the period of time in which the alleged incident occurred and for five (5) years prior to the alleged occurrence. If such records are not in plaintiff's possession, you are required to produce current written authorizations, duly executed and verified permitting the undersigned to obtain such documents.

5. ACCIDENT REPORTS OR STATEMENTS. Full, true, legible and complete copies of any accident reports or statements prepared or made in the regular course of business by any employee, agent or representative of any party to this action.

6. PROPERTY DAMAGE CLAIM. If property damage is alleged, you are required to produce true, accurate and complete copies of all property damage estimates, repair bills and/or original purchase invoices for the property allegedly damaged, destroyed or stolen.

7. NAMES AND ADDRESSES OF ATTORNEYS. You are required to provide a list of each party to this action, together with the name, address and telephone number and file number of each attorney representing said parties.

8. CONTRACTS. Copies of any and all contracts, agreements, writings or documents between any of the parties referred to in this action, and any additional subcontractors retained by plaintiff, as they relate to the construction where the accident allegedly took place. If said contract or agreement is alleged to be oral, the words in substance of any oral contract or agreement.

9. Set forth a true and complete copy of the agreement referred to in the plaintiff's complaint.

10. If the complaint alleges loss of or damage to an item of personal property, set forth separately as to each item:

    a. A full and complete description of such item, its date of manufacturer or creation, the date of its acquisition by the plaintiff and the name of the person, firm or corporation from whom it acquired.

    b. A full and complete description of the physical damage claimed.

    c. The amount of damage claimed and the manner in which such amounts have been computed including in such computation

any tax benefits claimed or reported on any tax return.

d.     Whether any of the items set forth in subparagraphs (a) above have been disposed of, repaired or replaced, and, if so, set forth:

i.     For each item disposed of, the manner of disposition, the name of the person, firm or corporation to whom the item was transferred and the consideration therefore.

ii.    For each item repaired, the date of repair, the name of the party who made the repair and the cost of repair.

iii.   For each item replaced, the date and cost of replacement, and the name of the person, firm or corporation from whom the replacement was obtained.

11.    PURSUANT TO FRCP Rule 26(b)(4)

a.     identify and state the qualifications of each person whom you expect to call at trial as an expert witness;
b.     state the subject matter in a reasonable detail upon which the expert is expected to testify;
c.     provide the facts and opinions upon which the expert is expected to testify; and
d.     provide a summary of the grounds of each such opinion.

PLEASE TAKE FURTHER NOTICE that the foregoing Demand is a continuing demand.  In the event any of the above items are obtained after service of this demand or service of a response hereto, they are to be furnished to the undersigned forthwith.

PLEASE TAKE FURTHER NOTICE, that your failure to comply herewith will result in an application by the undersigned to a Court for the appropriate relief.

Dated:  Syosset, New York
        July 23, 2008

Yours etc.,

HAMMILL, O'BRIEN, CROUTIER,
DEMPSEY & PENDER, P.C.

By:  Richard C. Koehler, Esq. (RCK-0125)
Attorneys for Third-Party Defendant
SOUTH ERIE PRODUCTION COMPANY, INC.
Office and P.O. Address
6851 Jericho Turnpike, Suite 250
P.O. Box 1306
Syosset, New York 11791
(516) 746-0707
File:  75-2/2-1284US
rck@hocd.com

TO:    RENDE, RYAN & DOWNES, LLP
       Attorneys for Defendant/Third-Party Plaintiff
       LOCHINVAR CORPORATION
       202 Mamaroneck Avenue
       White Plains, New York 10601
       (914) 681-0444

       ROBINSON & COLE, LLP
       Attorneys for Plaintiffs
       885 Third Avenue, 28th Floor
       New York, New York 10022
       (212) 451-2900

       BRODY, BENARD & BRANCH
       Attorneys for Defendant
       AMBASSADOR CONSTRUCTION CO., INC.
       205 Lexington Avenue, 4th Floor
       New York, New York 10016
       (212) 679-7007

       FRENCH & RAFTER, LLP
       Attorneys for Defendant
       S. DiGIACOMO & SONS, INC.
       29 Broadway, 27th Floor
       New York, New York 10006
       (212) 797-3544

       ABRAMS, GORELICK,

FRIEDMAN & JACOBSON, P.C.
Attorneys for Defendant
MANHATTAN MECHANICAL SERVICE, INC.
One Battery Park Plaza, 4th Floor
New York, New York 10004
212) 968-7573

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LEXINGTON INSURANCE COMPANY and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA as subrogees of
Jones Lang LaSalle Management Services,
Inc.,

Index: 07-CV-9737

                              Plaintiff,

              -against-

LOCHINVAR CORPORATION, AMBASSADOR
CONSTRUCTION CO., INC., DiGIACOMO &
SON, INC. and MANHATTAN MECHANICAL
SERVICE, INC.

**NOTICE TO
TAKE DEPOSITION**

                              Defendants.

(GBD)        (THK)

-----------------------------------------------------------------------X

LOCHINVAR CORPORATION

                    Third-Party Plaintiff,

              -against-

SOUTH ERIE PRODUCTION COMPANY d/b/a
SEPCO ERIE,

                    Third-Party Defendant.

-----------------------------------------------------------------------X

C O U N S E L O R S :

          ***PLEASE TAKE NOTICE***, that pursuant to FRCP, the testimony of

adverse parties will be taken before a Notary Public who is not of counsel to any of the

parties herein at our offices at 6851 Jericho Turnpike, suite 250, Syosset, New York

11791 on October 23, 2008 at ten o'clock in the morning of that day.

          That said parties to be examined upon the following matters:

          ALL of the relevant facts and circumstances in connection with an incident

which is alleged to have occurred on October 26, 2005, including negligence, contributory negligence, liability or damages.

For the purpose of refreshing recollections the said parties are to have and produce upon such examination such records, books, papers, documents, correspondence and copies thereof, and other writing and papers kept by them or in their custody or control as relate to the matters in controversy in said action and to the dealings or transactions between the parties to said action, as alleged and set forth in the complaint in said action.

Dated:  Syosset, New York
        July 23, 2008

                                   Yours etc.,

                                   HAMMILL, O'BRIEN, CROUTIER,
                                   DEMPSEY & PENDER, P.C.

                                   By:  Richard C. Koehler, Esq. (RCK-0125)
                                   Attorneys for Third-Party Defendant
                                   SOUTH ERIE PRODUCTION COMPANY, INC.
                                   Office and P.O. Address
                                   6851 Jericho Turnpike, Suite 250
                                   P.O. Box 1306
                                   Syosset, New York 11791
                                   (516) 746-0707
                                   File:  75-2/2-1284US
                                   rck@hocd.com

TO:     RENDE, RYAN & DOWNES, LLP
        Attorneys for Defendant/Third-Party Plaintiff
        LOCHINVAR CORPORATION
        202 Mamaroneck Avenue
        White Plains, New York 10601
        (914) 681-0444

        ROBINSON & COLE, LLP
        Attorneys for Plaintiffs

885 Third Avenue, 28th Floor
New York, New York 10022
(212) 451-2900

BRODY, BENARD & BRANCH
Attorneys for Defendant
AMBASSADOR CONSTRUCTION CO., INC.
205 Lexington Avenue, 4th Floor
New York, New York 10016
(212) 679-7007

FRENCH & RAFTER, LLP
Attorneys for Defendant
S. DiGIACOMO & SONS, INC.
29 Broadway, 27th Floor
New York, New York 10006
(212) 797-3544

ABRAMS, GORELICK,
FRIEDMAN & JACOBSON, P.C.
Attorneys for Defendant
MANHATTAN MECHANICAL SERVICE, INC.
One Battery Park Plaza, 4th Floor
New York, New York 10004
212) 968-7573

STATE OF NEW YORK )
                 SS.:                AFFIDAVIT OF SERVICE
COUNTY OF NASSAU )


        KIM T. STUCK, being duly sworn, says that deponent is not a party to this action, is over 18 years of age and on July 29, 2008, deponent served the annexed **ANSWER, DEMAND FOR INTERROGATORIES, NOTICE TO PRODUCE, NOTICE FOR DISCOVERY AND INSPECTION, COMBINED DISCOVERY DEMANDS, NOTICE TO TAKE DEPOSITION** upon:

RENDE, RYAN & DOWNES, LLP
202 Mamaroneck Avenue
White Plains, New York 10601

ROBINSON & COLE, LLP
885 Third Avenue, 28th Floor
New York, New York 10022

BRODY, BENARD & BRANCH
205 Lexington Avenue, 4th Floor
New York, New York 10016

FRENCH & RAFTER, LLP
29 Broadway, 27th Floor
New York, New York 10006

ABRAMS, GORELICK,
FRIEDMAN & JACOBSON, P.C.
One Battery Park Plaza, 4th Floor
New York, New York 10004

at the last known address designated by said addressee for that purpose by depositing a true copy of same in a postpaid, properly addressed, sealed wrapper, in a depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                           KIM T. STUCK


Sworn to before me this
29 July 2008

Notary Public

      MICHAEL J. PENDER
   Notary Public, State of New York
         No. 41-4922326
     Qualified in Queens County
Commission Expires _____